IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

CARMEN DELIA ROSA VELEZ

Debtor(s)

CASE NO. 12-02968-BKT
CHAPTER 13

## OPPOSITION TO DEBTOR'S "OBJECTION TO CLAIM NO. 4 BY DORAL BANK"

**TO THE HONORABLE COURT:**

**COMES NOW**, creditor DORAL BANK, and very respectfully, **ALLEGES, STATES** and **PRAYS**:

A. INTRODUCTION

1. The present bankruptcy petition was filed On April 19, 2012. Doral Bank is the lien holder of a mortgage note over debtor's place of residence located at Urbanización Jardines de Country Club in the Municipality of Carolina.

2. On June 29, 2012, appearing creditor filed secured proof of claim no. 4-1, including pre-petition arrears in the amount of $12,367.58.

3. On September 10, 2012, debtor filed an "Objection to claim no. 4 by Doral Bank" (hereinafter, "Objection to claim"), see docket no. 42. Mainly, debtor alleges that she is not responsible for the totality of the amounts claimed by Doral because there is another joint-debtor and co-owner of the above-mentioned. For the reasons that will be discussed below, Doral Bank respectfully requests debtor's "Objection to claim" be denied.

4. A proof of claim executed and filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and amount of the claim, see Federal Bankruptcy Rule 3002(f). "A proof of claim will prevail over a mere formal objection unless the objection is supported by substantial evidence", see In re Fili, 257 B.R. 370 (2001 BAP 1st. Cir).

B. FACTUAL BACKGROUND AND STATE LAW DISCUSSION

5. Debtor Carmen Rosa Vélez and Ms. Linda Centeno Soto ("Ms. Centeno" hereinafter) obtained a loan to finance the purchase of a real property located at Urbanización Jardines de Country Club. To secure the loan, debtor and Ms. Centeno granted a mortgage encumbering the real property on February 24, 2005. Both debtor and Ms. Centeno are co-owners of the residence, see title search hereby enclosed as Exhibit 1.

6. In order to purchase the property, debtor and Ms. Centeno subscribed a mortgage note in the amount of $120,000.00. The note incorporates, and the parties agreed to, the following language:

> "The Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their personal representatives, successors and assigns."

See copy of the mortgage note, second page, enclosed as Exhibit 2. Please note that both debtor and Ms. Centeno signed the note.

7. Thus, debtor is jointly and severally responsible of the all the obligations, payments and duties imposed by the mortgage note and contractually agreed between the parties. Notwithstanding, now she is

claiming that she is only liable for half of the expenses and pre petition arrears. Her allegations are not correct as a matter of state law.

8. According to the Puerto Rico Civil Code, 31 LPRA sec. 3101, the mere concurrence of two or more debtors in a single obligation, does not imply that only one is bound to comply in full with the things which are the object of the same. This shall only take place when the obligation determines it expressly, being constituted a joint obligation.

9. It is also established by state law that the creditor may sue any of the joint debtors or all of them simultaneously, see 31 LPRA sec. 3108.

10. "Joint debts exists when there are several debtors and a single creditor, each debtor is liable for the total amount of the debt, and creditor may select or opt to make claim against any individual debtor or against all of the them together." Conjugal Partnership v. Conjugal Partnership, 109 D.P.R. 279 (1979).

11. "A person who together with another signs a promissory note as solidary debtor is a principal debtor and cannot in the action of debt raise as a defense that he signed as surety or to serve or benefit the latter, especially if the evidence regarding this point shows that the money loaned—the consideration of the note—did not pass exclusively to the alleged codebtor but was distributed between both signers thereof." Marrero v. Olmeda, 69 P.R.R. 202 (1948).

12. As per the promissory note, it is clearly and unequivocally stated that both debtor and Ms. Centeno are joint and severally responsible before appearing creditor. In that case, and pursuant to the applicable state law, Doral Bank can lawfully collect from debtor the total amount of monies owed in the instant bankruptcy petition[1].

C. JOINT DEBTOR, MS. CENTENO'S BANKRUPTCY PETITION

13. Debtor also alleges in her "Objection to claim" that some monies were collected from joint-debtor Ms. Centeno during her bankruptcy petition. Although Doral Bank participated in Ms. Centeno's petition, debtor's allegations are misleading.

14. Joint debtor, Ms. Centeno, filed a bankruptcy petition under chapter 13 on June 21, 2011, case number #11-05212-ESL. In that case, Doral Bank filed proof of claim no. 1-1 on August 5, 2011.

15. Prior to the confirmation of the bankruptcy case, Doral Bank filed a "Motion for Relief from Stay" for Ms. Centeno's failure to make current post petition payments, see docket no. 14. At that moment, joint debtor Ms. Centeno had accumulated three (3) months in post petition arrears. Joint debtor Ms. Centeno failed to file a timely answer and the Court entered an order on November 9, 2011 lifting the stay in favor of Doral, see docket no. 19.

16. After the entry of order lifting the stay in favor of Doral, joint debtor Ms. Centeno obtained confirmation of her chapter 13 plan,

---

[1] Once debtor makes the full payment to creditor, she is entitled to recover from joint-debtor Ms. Centeno whichever amounts she deems appropriate. This is called the right to contribution or "nivelación" in the Spanish language.

plan which does not provide for payments to Doral Bank, see amended plan dated November 28, 2011, docket no. 21.

17. Thus, and although a proof of claim was filed by Doral Bank in the case #11-0521-ESL, appearing creditor is not receiving any payment from the chapter 13 trustee in the joint debtor's case since the stay was lifted; see case's ledger from the chapter 13 trustee enclosed as Exhibit 3.

18. With the filing of joint debtor Ms. Centeno's bankruptcy petition, Doral Bank had to incur in additional expenses and attorney's fees in order to protect its interest. Among others, Doral had to obtain legal representation, filed a proof of claim, reviewed schedules and plan and had to file a motion requesting that the stay be lifted due to joint debtor's failure to make post petition payments. The $400.00 amount claimed as attorney's fees are reasonable and can be claimed in the present bankruptcy petition inasmuch, as stated before, debtor Ms. Rosa is jointly and severally liable for the amounts owed to Doral. Similarly, with the filing of debtor's present bankruptcy petition, Doral Bank had to incur in additional expenses, including attorney's fees, in order to protect its interest.

D. CONCLUSION

19. Doral Bank's proof of claim no. 4 was filed pursuant to section 501 of the Code. As per Federal Bankruptcy Rule 3001, the claim is in writing and it was filed using the Official Form. In compliance with Federal Bankruptcy Rule 3001(d), copy of the mortgage note and evidence of perfection of security was also enclosed.

20. Pursuant to Federal Bankruptcy Rule 3001(c)(2), Doral Bank's proof of claim includes "Attachment B10A" detailing the principal amount, the interests, fees, expenses and/or other charges, as well as, the amount necessary to cure any default. Also, an escrow account statement was included in order to comply with Rule 3001(c)(2)(C).

21. Appearing creditor is entitled to recover, not only the mortgage payments due, but also other charges, fees and/or costs as part of the pre-petition arrears of the present bankruptcy petition, see section 1322(e) of the Bankruptcy Code ("*if it is proposed in a plan to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law*").

22. Furthermore, "*[s]ection 1322 (e) does not apply exclusively to the curing of interest on arrears but also includes other charges that compromise the arrearage mortgage claim such as attorneys' fees, costs and late charges.*" In re Mercado, 2011 Bankr. LEXIS 3360 (D.P.R. September 6, 2011).

23. In her Objection to claim, debtor is trying to unilaterally, and without any basis and/or sufficient evidence, to determine the reasonableness of certain expenses and charges allowed by the mortgage note. She is attempting to eliminate more than $4,000.00 of monies owed to appearing creditor. In light of the above stated, Doral Bank disagrees with debtor's allegations, reaffirms its compliance with the Code and applicable rules and respectfully requests that the objection be denied.

**WHEREFORE,** it is respectfully requested from this Honorable Court to take notice of the above-stated and DENY debtor's "Objection to claim no. 4 by Doral Bank" (docket no. 42).

### NOTICE

YOU ARE HEREBY NOTIFIED THAT YOU HAVE FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING. IF NO OPPOSITION IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THE MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all those who in this case have registered for receipt of notice by electronic mail. I further certify that the foregoing has been served to the non CM/ECF participants: debtor(s)-addresss of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of November, 2012.

FIDDLER, GONZALEZ & RODRIGUEZ, PSC
Counsel for Doral Bank
P.O. Box 363507
San Juan, PR 00936-3507.
Tel. 787-759-3242
Fax. 787-759-3124
rgarcia@fgrlaw.com

*S/ROSAMAR GARCÍA FONTÁN*
ROSAMAR GARCIA FONTAN
USDC-PR #221004

sánchez-rubio & assoc
TITLE SEARCHERS

**EXHIBIT 1**

# FIDDLER GONZALEZ & RODRIGUEZ, P. S.C.

<u>Lcda. Rebeca Caquías</u>

CASO: CARMEN ROSA VELÉZ    Préstamo No. 12-02968

FINCA: No. 15350, inscrita al folio 108 del tomo 956 de Carolina.
Registro de la Propiedad, Sección Primera de Carolina.

DESCRIPCION:

URBANA: Solar marcado con el No. 10 del Bloque "CB" de la URBANIZACIÓN JARDINES DE COUNTRY CLUB, localizado en el Barrio Sabana Abajo del término municipal de Carolina, Puerto Rico, con un área superficial de 324.00 metros cuadrados. En lindes por el Norte, en 13.50 metros, con la Calle No. 126; por el Sur, en 13.50 metros, con Centex Corporation; por el Este, en 24.00 metros, con el solar No. 11 del mismo bloque; y por el Oeste, en 24.00 metros, con el solar No. 9 del mismo bloque. Enclava una casa de concreto.

TRACTO REGISTRAL: Se segrega de la finca No. 17443, inscrita al folio 93 del tomo 434 de Carolina.

DOMINIO:

CONSTA inscrita a favor de CARMEN ROSA VELÉZ y a favor de LINDA CENTENO SOTO, mayores de edad, solteras, propietarias y vecinas de Carolina, quienes adquieren en común pro-indiviso y en una proporción de 50% para cada una, por título de compraventa de Brenda Lee Gerena Lozada, soltera, por el precio de $120,000.00, mediante escritura No. 73, otorgada en San Juan el 24 de febrero del 2005, ante Fernando Rabell Echegaray, inscrita al folio 108 del tomo 956 de Carolina, finca No. 15350, inscripción 7ª.

GRAVAMENES:

1. Por su procedencia está afecta a:
   a. Servidumbres. b. Condiciones Restrictivas sobre uso y edificación.

2. HIPOTECA: Por la suma principal de $120,000.00 en garantía de un pagaré a favor de CENTRO HIPOTECARIO DE PUERTO RICO, o a su orden, con intereses al 6.5 % anual y vencimiento el 1ro. de marzo del 2035, tasada en $120,000.00 constituida mediante escritura No. 74, otorgada en San Juan el 24 de febrero del 2005, ante Fernando Rabell Echegaray, inscrita al folio 108 del tomo 956 de Carolina, finca No. 15350, inscripción 8ª.

3. AVISO DE DEMANDA: En el Tribunal de Primera Instancia, Centro Judicial de Carolina-Sala Superior, en el Caso Civil No. FCD-12-0266 (404) sobre ejecución de hipoteca, seguido por Doral Bank, versus Titulares, se solicita el pago de la deuda garantizada con hipoteca de la inscripción 8ª, la cual asciende a la suma principal de $110,431.58, mas costas, gastos e intereses, todo según demanda de fecha 23 de febrero del 2012, al folio 108 del tomo 956 de Carolina, finca No. 15350, anotación "A". SIN FIRMAR: Habiéndose presentado al asiento 1024 del diario 347, con fecha 26 de marzo del 2012.

REVISADOS: Registros de embargos estatales, sentencias, contribuciones federales y bitácora electrónica.

NOTA: Debido al Sistema de Bitácora Electrónica utilizado en esta Sección, no podemos certificar que exista algún documento adicional relacionado con esta finca. <u>Este documento es para uso exclusivo e intransferible de la Institución solicitante</u>.

20 de junio del 2012. ∞
jsr

-----------------------------------------NOTE--------------------------------------
-----------------------------------------PAGARE------------------------------------

US$120,000.00

San Juan, --Puerto Rico
24 de febrero de 2005

---FOR VALUE RECEIVED the undersigned ("Borrower") promise(s) to CENTRO HIPOTECARIO DE PUERTO RICO, INC.,
-Por valor recibido, el (los) suscribiente(s) ("Deudor") promete(n) pagar a CENTRO HIPOTECARIO DE PUERTO RICO, INC.,

or order the principal sum of **ONE HUNDRED TWENTY THOUSAND DOLLARS WITH ZERO CENTS**
o a su orden la suma principal de

principal balance from the date of this Note, until paid, at the rate of **SIX POINT FIVE**
Insoluto de principal desde la fecha de este Pagaré hasta su pago a razón de

**(6.5 %)** percent per annum. Principal and interest shall be payable at San Juan, Puerto Rico or such other place as
por ciento anual. El principal e intereses pagaderos en San Juan, Puerto Rico o en cualquier otro lugar que

the Note holder may designate in writing, in consecutive monthly installments of **SEVEN HUNDRED FIFTY EIGHT DOLLARS AND**
el tenedor de este pagaré indique por escrito, en plazos mensuales y consecutivos de

**FORTY EIGHT CENTS**

Dollars (US$ **758.48** ), on the first day of each month beginning the first of **APRIL OF 2005** until the
Dólares (US$ ), en el primer día de cada mes comenzando el 1ro de _____ 200_ hasta que

entire indebtedness evidenced hereby is fully paid, except that any remaining indebtedness if not sooner paid, shall be due and payable
se pague totalmente la deuda evidenciada por el presente, excepto que la deuda restante, si no antes pagada quedará vencida y pagadero

on the first day of **MARCH OF 2035**
en el primero de

---If any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to Borrower,
--Si cualquier plazo mensual bajo este Pagaré no es pagado cuando venza y permanece impagado luego de la fecha especificada en la
notificación al Deudor,

the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the
la suma total de principal pendiente de pago e intereses acumulados sobre la misma quedarán inmediatamente vencidos y pagaderos a opción
del

Note holder. The date specified shall not be less than thirty days from the date such notice is mailed. The Note holder
tenedor de este Pagaré. La fecha especificada no será anterior a treinta días a partir de la fecha de envío por correo de dicha notificación.
El tenedor de este Pagaré

may exercise this option to accelerate during any default by Borrower regardless of any prior forbearance. If suit is brought
podrá ejercitar esta opción de aceleración durante cualquier incumplimiento del Deudor, no empece cualquier indulgencia de morocidad
anterior. De radicarse

to collect this Note, the Note holder shall be entitled to collect in such proceeding the agreed and liquidated amount of ten
procedimiento judicial prara el cobro de este Pagaré, el tenedor de este Pagaré tendrá derecho a cobrar en dicho procedimiento la suma
pactada y líquida de diez

percent of the original principal amount hereof to cover costs and expenses of suit, including but not limited to, attorney's fees.
porciento de la suma original de principal del presente para cubrir las costas y gastos de dicho procedimiento, incluyendo sin implicar
limitación, honorarios de abogados.

---Borrower shall pay to the Note holder a late charge of five percent of any monthly installment not received by the Note
--El Deudor pagará al tenedor de este Pagaré un cargo por pago atrasado de cinco por ciento de cualquier plazo mensual que no sea recibido
por el tenedor de este

holder within Fifteen days after the installment is due. Borrower may prepay the principal amout outstanding in whole or in part.
Pagaré dentro de Quince días después de la fecha de vencimiento de dicho plazo. El deudor podrá pagar por anticipado la totalidad o parte
del balance insoluto de

The Note holder may require that any partial prepayments (i) be made on the date monthly installments are due and (ii) be in
principal. El tenedor de este Pagaré podrá requerir que cualesquiera pagos parciales (i) sean hechos en la fecha en que venzan plazos
mensuales y (ii) sean en la

the amount of that part of one or more monthly installments which would be applicable to principal. Any partial prepayment shall
la cuantía de aquella parte de uno o más plazos mensuales que sería aplicable a principal. Cualquier pago parcial por

be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or
anticipado será aplicado contra el principal insoluto y no pospondrá la fecha de vencimiento de cualquier plazo mensual subsiguiente

change the amount of such installments, unless the Note holder shall otherwise agree in writing.----------
ni cambiará el monto de dichos plazos a menos que el tenedor de este Pagaré acuerde lo contrario por escrito. ----------

—Presentment, notice of dishonor and protest are hereby waived by all makers, sureties, guarantors and endorsers hereof,----------
—Por la presente se renuncian los derechos de presentación, aviso de rechazo, y protesto por todos los otorgantes, fiadores, garantizadores y endosantes del presente,----------
This Note shall be the joint and several obligation of all makers, sureties, gurantors and endorsers, and shall be binding upon them----------
Este Pagaré constituye obligación solidaria de todos sus otorgantes, fiadores, garantizadores y endosantes y les obliga, así como a sus----------

and their, personal representatives, sucessors and assigns. ----------
herederos, representates, personales, sucesores y cesionarios.----------

---Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail adressed to Borrower at----------
---Cualquier notificación al Deudor dispuesta en este Pagaré deberá ser enviada por correo certificado dirigido al Deudor a ----------
the Property Address state below, or to such other address as Borrower may designate by notice to the Note holder. Any notice----------
la Dirección de la Propiedad que abajo se indica o a cualquier otra dirección que el Deudor designe mediante mediante notificación al tenedor de este Pagaré. Cualquier notificación----------

to the Note holder shall be given by mailing such notice by certified mail, return receipt requested, to the Note holder at the address----------
al tenedor de este Pagaré deberá ser enviada por correo certificado, con acuse de recibo, al tenedor de este Pagaré a la dirección----------
state in the first paragraph of this Note, or at such other address as may have been designeted by notice to Borrower.----------
indicada en el primer párrafo de este Pagaré, o a cualquier otra dirección que se haya designado mediante notificación al Deudor.----------

The indebtedness evidenced by this Note is secured by a Mortgage, dated of even date herewith, on property as indicated in ----------
La deuda evidenciada por este Pagaré está garantizada por una Hipoteca, de fecha igual a la del presente sobre propiedad según indicada en

Deed number ___"74"___ before the subscribing Notary. ----------
la Escritura número _____ ante el Notario suscribiente. ----------

CB-10, 126 STREET
JARDINES DE COUNTRY CLUB
CAROLINA, PUERTO RICO 00983

_Carmen Ana Vélez_
CARMEN ROSA VELEZ

_Lh C+ S.L_
LINDA CENTENO SOTO

Affidavit Number: ___-3280-___

(Executive Original Only)
(Otórguese el original únicamente)

—Acknoweledge and subscribed before me by the above signatories, of the personal cirumstances contained in the Mortgage deed hereinbefore described, whom I have identified as expressed also in said deed. ----------
—Reconocido y suscrito ante mí por los antes firmantes, de las circunstancias personales que se relacionan en la antes descrita escritura de hipoteca y a quienes he identificado según se expresa en la misma escritura ----------

_[signature]_
NOTARY PUBLIC

PAY TO THE ORDER OF
Without Recourse
CENTRO HIPOTECARIO DE PUERTO RICO, INC.
BY:_____
DATE:_____

This is a true copy of it.
original executed before me.
_[signature]_

**EXHIBIT 3**

Print Page / Printer Friendly

## FINANCIAL SUMMARY - CASE 11-05212

LINDA CENTENO SOTO paying **$260.00** MONTHLY

| Receipts | Rcpts/Deb Refunds | Disbursements | Adjustments | Trustee Disb | Trustee Adj | Show All |

Limits: Select Start Date ▼  Select Claim ID ▼  Select Payee Name ▼  Check Status: Cleared

| Date | Payee | Payee Name | Source / Check | Descri |
|---|---|---|---|---|
| 10/3/2012 | 1 | AMERICAN EXPRESS TRS/LATIN AMERICAN DIV | 617218 | CREDITOR PAYMENT (PRINCIPAL |
| 10/3/2012 | 2 | ASOCIACION DE EMPLEADOS DE GOBIERNO DE PR | 617683 | CREDITOR PAYMENT (PRINCIPAL |
| 10/3/2012 | 8 | ORIENTAL GROUP | 618537 | CREDITOR PAYMENT (PRINCIPAL |
| 10/3/2012 | 9 | GE CAPITAL RETAIL BANK | 6251609 | CREDITOR PAYMENT (PRINCIPAL |
| 10/3/2012 | 10 | AMERICAN EXPRESS TRS/LATIN AMERICAN DIV | 617218 | CREDITOR PAYMENT (PRINCIPAL |
| 10/3/2012 | 12 | ASOCIACION DE EMPLEADOS DE GOBIERNO DE PR | 617683 | CREDITOR PAYMENT (PRINCIPAL |
| 10/3/2012 |  | JOSE R. CARRION | 618443 | TRUSTEE SALARY & EXPENSE - M |
| 10/2/2012 |  |  | 0505 00200 9791 | LOCKBOX PAYMENT |
| 9/4/2012 | 1 | AMERICAN EXPRESS TRS/LATIN AMERICAN DIV | 614055 | CREDITOR PAYMENT (PRINCIPAL |
| 9/4/2012 | 2 | ASOCIACION DE EMPLEADOS DE GOBIERNO DE PR | 614543 | CREDITOR PAYMENT (PRINCIPAL |
| 9/4/2012 | 8 | ORIENTAL GROUP | 615374 | CREDITOR PAYMENT (PRINCIPAL |
| 9/4/2012 | 9 | GE CAPITAL RETAIL BANK | 6251192 | CREDITOR PAYMENT (PRINCIPAL |
| 9/4/2012 | 10 | AMERICAN EXPRESS TRS/LATIN AMERICAN DIV | 614055 | CREDITOR PAYMENT (PRINCIPAL |
| 9/4/2012 | 12 | ASOCIACION DE EMPLEADOS DE GOBIERNO DE PR | 614543 | CREDITOR PAYMENT (PRINCIPAL |
| 9/4/2012 |  | JOSE R. CARRION | 615282 | TRUSTEE SALARY & EXPENSE - M |
| 8/31/2012 |  |  | 0504 00020 2992 | LOCKBOX PAYMENT |
| 8/2/2012 | 0 | REBECCA VIERA TRENCHE* | 6250869 | ATTORNEY FEE - MONTHLY DISB |
| 8/2/2012 | 1 | AMERICAN EXPRESS TRS/LATIN AMERICAN DIV | 610159 | CREDITOR PAYMENT (PRINCIPAL |
| 8/2/2012 | 2 | ASOCIACION DE EMPLEADOS DE GOBIERNO DE PR | 610645 | CREDITOR PAYMENT (PRINCIPAL |
| 8/2/2012 | 8 | ORIENTAL GROUP | 611482 | CREDITOR PAYMENT (PRINCIPAL |
| 8/2/2012 | 9 | GE CAPITAL RETAIL BANK | 6250818 | CREDITOR PAYMENT (PRINCIPAL |
| 8/2/2012 | 10 | AMERICAN EXPRESS TRS/LATIN AMERICAN DIV | 610159 | CREDITOR PAYMENT (PRINCIPAL |
| 8/2/2012 | 12 | ASOCIACION DE EMPLEADOS DE GOBIERNO DE PR | 610645 | CREDITOR PAYMENT (PRINCIPAL |
| 8/2/2012 |  | JOSE R. CARRION | 611388 | TRUSTEE SALARY & EXPENSE - M |
| 7/31/2012 |  |  | 0503 01330 3584 | LOCKBOX PAYMENT |
| 7/3/2012 |  |  | 0504 00970 1758 | LOCKBOX PAYMENT |
| 7/2/2012 | 0 | REBECCA VIERA TRENCHE* | 6250446 | ATTORNEY FEE - MONTHLY DISB |
| 7/2/2012 |  | JOSE R. CARRION | 609151 | TRUSTEE SALARY & EXPENSE - M |
| 6/4/2012 |  |  | 0504 01380 0587 | LOCKBOX PAYMENT |
| 6/1/2012 | 0 | REBECCA VIERA TRENCHE* | 6250030 | ATTORNEY FEE - MONTHLY DISB |
| 6/1/2012 |  | JOSE R. CARRION | 606461 | TRUSTEE SALARY & EXPENSE - M |
| 5/1/2012 | 0 | REBECCA VIERA TRENCHE* | 6249602 | ATTORNEY FEE - MONTHLY DISB |
| 5/1/2012 |  | JOSE R. CARRION | 603656 | TRUSTEE SALARY & EXPENSE - M |
| 4/27/2012 |  |  | 0502 01770 0517 | LOCKBOX PAYMENT |
| 4/2/2012 |  |  | 0500 00380 0636 | LOCKBOX PAYMENT |
| 4/2/2012 | 0 | REBECCA VIERA TRENCHE* | 6249048 | ATTORNEY FEE - MONTHLY DISB |
| 4/2/2012 |  | JOSE R. CARRION | 601233 | TRUSTEE SALARY & EXPENSE - M |
| 3/2/2012 |  |  | 0503 00670 7691 | LOCKBOX PAYMENT |
| 3/1/2012 | 0 | REBECCA VIERA TRENCHE* | 6248697 | ATTORNEY FEE - MONTHLY DISB |
| 3/1/2012 |  | JOSE R. CARRION | 598482 | TRUSTEE SALARY & EXPENSE - M |

| Date | | | | |
|---|---|---|---|---|
| 2/1/2012 | | | 0501 00900 0376 | LOCKBOX PAYMENT |
| 2/1/2012 | 0 | REBECCA VIERA TRENCHE* | 6248184 | ATTORNEY FEE - MONTHLY DISB |
| 2/1/2012 | | JOSE R. CARRION | 595369 | TRUSTEE SALARY & EXPENSE - M |
| 1/3/2012 | | | 0501 00730 3076 | LOCKBOX PAYMENT |
| 1/3/2012 | 0 | REBECCA VIERA TRENCHE* | 6247772 | ATTORNEY FEE - MONTHLY DISB |
| 1/3/2012 | | JOSE R. CARRION | 592699 | TRUSTEE SALARY & EXPENSE - M |
| 12/1/2011 | | | 0505 00400 5117 | LOCKBOX PAYMENT |
| 10/31/2011 | | | 0501 00060 1546 | LOCKBOX PAYMENT |
| 10/3/2011 | | | 0504 02040 5592 | LOCKBOX PAYMENT |
| 9/2/2011 | | | 0500 00340 8626 | LOCKBOX PAYMENT |
| 8/4/2011 | | | 0502 01720 9791 | LOCKBOX PAYMENT |
| 7/11/2011 | | | 981 07-11 2011 | LOCKBOX NO COUPON |